IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01024-MSK-BNB

CHRIS PAPPAS, and
JAMELLA PAPPAS,

     Plaintiffs,

v.

FRANK AZAR & ASSOCIATES, P.C., a Colorado Professional Corporation, and
LISA M. HUNGERFORD,

     Defendants.

_____

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**
_____

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion for Reconsideration **(# 226)** of the Court's May 25, 2007 Opinion and Order **(# 151)**, the Plaintiff's response **(# 242)**, and the Defendants' reply **(# 278)**.

The underlying facts and procedural history of this case are set out in detail in the Court's September 7, 2007 Opinion and Order, and that recitation is deemed incorporated herein. In summary, the Plaintiffs retained Defendant Frank Azar and Associates, P.C. ("Azar") to represent them in a personal injury action ("the underlying action"). Azar later assigned Defendant Hungerford, one of its attorneys, to handle the Plaintiffs' case. Although the Defendants initially anticipated that the Plaintiffs' claims in the underlying action were worth several hundred thousand dollars, they later retreated from that opinion – allegedly due to credibility problems exposed during the Plaintiffs' depositions – and encouraged the Plaintiffs to settle the underlying

1

action for $45,000.  The Plaintiffs agreed – allegedly reluctantly – to accept the settlement, but contend that Defendant Hungerford drafted a release that negligently compromised the Plaintiffs' claims against other, non-settling Defendants.  The Plaintiffs then commenced this action, asserting five claims that can be divided into two groups: (i) claims sounding in malpractice arising from the Defendants' handling of the underlying action – *i.e.* claims for breach of fiduciary duty and professional negligence; and (ii) claims relating to alleged deception in Azar's advertising – *i.e.* claims alleging violation of the Colorado Consumer Protection Act ("CCPA"), fraudulent misrepresentation, and negligent misrepresentation.

Discovery disputes soon arose, and the Plaintiffs' moved to compel **(# 37)** Azar to produce various information regarding the firm's operation, such as a statement of its overall income and expenses, the amount of money spent by Azar on television advertising, and the number of cases handled by Azar's Colorado Springs office.[1]  Over Azar's objections as to the confidential nature and irrelevance of the requested material, Magistrate Judge Boland granted **(#55)** the Plaintiffs' motion to compel.  On January 31, 2007, Azar filed timely Objections **(# 64)** to Magistrate Judge Boland's rulings, and on May 25, 2007, this Court overruled **(# 151)** those objections and affirmed the Magistrate Judge's rulings, finding that "[a]dmittedly, the requested discovery has no apparent relevance to the malpractice claims, bu as the Defendants acknowledge, the information has an arguable relevance to the advertising claims."  *Docket* # 151 at 7.

---

[1]The crux of the Plaintiffs' advertising-based claims was that Azar sacrificed quality for quantity, attracting large numbers of clients through aggressive advertising, and instead of diligently preparing the cases for trial, "churned" those cases to produce quick, low-value settlements.

On August 29, 2007, the Defendants filed the instant Motion for Reconsideration **(# 226)**. Although their argument is somewhat confusing, it appears to be that: (i) the Court erred in finding that the requested information was relevant to the advertising claims, for which the Defendants refer the Court to the arguments in Azar's own Motion for Protective Order **(# 48)**; and (ii) that the Plaintiffs' dishonesty in the underlying action, not any alleged "churning" of cases by Azar, prompted the low-value settlement of the underlying action, and thus, information sought to support a "case churning" theory would be irrelevant.

Although the Federal Rules of Civil Procedure do not expressly contemplate a "motion for reconsideration," Rules 59(e), 60(b), and the Court's inherent authority all permit the Court, in appropriate circumstances, to revisit and revise its rulings if necessary, prior to the entry of final judgment *Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005). The timeliness of the motion determines whether it is analyzed under Rule 59(e) – if filed within 10 days of the entry of the judgment or order – or Rule 60(b) – if filed later than 10 days. *Id., citing Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). Here, the Defendants' motion was filed more than 10 days after the entry of the Order it seek reconsideration of, and thus, the Court analyzes the motion under Fed. R. Civ. P. 60(b).

Rule 60(b) permits the Court to reconsider an order due to, among other things, a substantive "mistake or law or fact" by the Court, Fed. R. Civ. P. 60(b)(1), *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999), "newly discovered evidence that, with reasonable diligence, could not have been discovered [earlier]," Fed. R. Civ. P. 60(b)(2), or as a result of "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Nevertheless, reconsideration under Rule 60(b) is extraordinary, and may only be granted in exceptional circumstances. *Rogers v. Andrus*

*Transp. Services*, 502 F.3d 1147, 1153 (10th Cir. 2007). Reconsideration is not a tool to rehash previously-presented arguments already considered and rejected by the Court, nor properly used to present new arguments based upon law or facts that existed at the time of the original argument. *FDIC v. United Pacific Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir.1998); *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir.1991).

The Court understands the Defendants' motion to raise two arguments: (i) that the Court misapprehended the Defendants' position in finding that the Defendants had not actually offered any arguments disputing the relevance of the documents; and (ii) that the Plaintiffs' dishonesty in the underlying action, not the Defendants' advertising, was the cause of the Plaintiffs receiving a low-value settlement offer for their claims.

As to the first issue, the Defendants contend that the Court should have considered the relevance arguments raised in the Defendants' Motion for a Protective Order **(# 48)**. Although the Defendants attached a copy of their 40-page Motion for a Protective Order to their Objections, they did not specifically set forth any meaningful relevance arguments in their Objections themselves. Other than several conclusory invocations that the Plaintiffs' requests do not meet the "reasonably calculated to lead to the discovery of admissible evidence" standard of Fed. R. Civ. P. 26(b)(1), the Defendants' Objections, at best, contain a single paragraph addressing the issue of relevance, and that paragraph concedes[2] that an "arguable relationship" exists between the information sought and the Plaintiffs' advertising claims. *Docket* # 64 at 6-7. In the instant motion for reconsideration, the Defendants argue that the Court should also have

---

[2]The Defendants go on to state that they "deny" that "such a relationship exists," but offer no argument in support of that assertion.

4

considered the arguments raised in their Motion for Protective Order attached to the Objections. However, as the 10th Circuit explained in *U.S. v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996), objections to a Magistrate Judge's ruling must specifically identify the reasons why the Magistrate Judge's ruling is allegedly in error. There, the court found that a party's objections that merely referred the District Court back to "the motions, exhibits, testimony, briefs, and arguments" that had previously been submitted was insufficiently specific to preserve the objection for further review. *Id.* Accordingly, because the Defendants' relevance arguments were presented only by means of unspecific reference to its prior briefing, the Court finds that it committed no error in concluding that such arguments were not properly presented. Accordingly, in this respect, the Defendants' Motion for Reconsideration is denied.

As to the Defendants' second argument – that the Plaintiffs' dishonesty in the underlying action severed any causal connection between the Defendants' advertising and the Plaintiffs' alleged injury – the Court finds that this argument is <u>not</u> based on any newly-discovered evidence. The "credibility issues" cited by the Defendants are those that "drove the settlement in June 2005," *Docket* # 226 at 6, and thus, are facts that were known to the Defendants at the time they filed their Objections in January 2007. Thus, as best the Court can determine, the Defendants' Motion for Reconsideration simply presents an argument that the Defendants <u>could</u> have made in support of their Objections, but did not. As stated above, a motion for reconsideration under Rule 60(b) is not a vehicle to raise new arguments that could have been raised under the facts and law known to the parties at the time of the prior filing. *United Pacific Ins. Co.*, 152 F.3d at 1272.

Accordingly, the Defendants' Motion for Reconsideration **(# 226)** is denied in its entirety.

Dated this 9th day of March, 2008

                                   **BY THE COURT:**

                                   Marcia S. Krieger
                                   United States District Judge