IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01024-MSK-BNB

CHRIS PAPPAS, and
JAMELLA PAPPAS,

Plaintiffs,

v.

FRANK AZAR & ASSOCIATES, P.C., a Colorado professional corporation, and
LISA M. HUNGERFORD,

Defendants.
_____

**ORDER**
_____

This matter is before me on the following:

(1) **Motion for Extension of Time to File Request for Costs and Attorney's Fees** [Doc. # 250, filed 9/26/2007] (the "Motion for Extension"); and

(2) **Defendant Lisa M. Hungerford's Statement of Fees and Costs Related to the Deposition of J.C. Hopkins** [Doc. # 251, filed 9/26/2007] (the "Fee Request").

The pending motions reflect an unacceptable failure by the lawyers for both the plaintiffs and Hungerford to know, understand, and comply with the federal rules of civil procedure, the local rules of practice of this court, and the practice standards of the district judge. I expect better from these lawyers.

In an order entered on September 7, 2007, the district judge imposed sanctions against the plaintiffs based on the expense incurred by the defendants in deposing a witness to prove the

falsity of discovery responses given by the plaintiffs.[1]  The sanction selected by the district judge was to impose the costs and reasonable attorney fees incurred by the defendants in deposing J.C. Hopkins, Ms. Pappas' employer.  Order at p.25.  To effectuate the sanction, the district judge ordered the following:

> Within 10 days of the date of this Order, the parties shall confer in an attempt to agree upon the costs and reasonable attorney's fees incurred by the Defendants in deposing Mr. Hopkins.  If the parties are unable to agree, within 15 days of the date of this Order, the Defendants shall file a statement of requested costs and fees, with appropriate supporting documentation, and within 10 days of that filing, the Plaintiffs shall file any response they have to the Defendants' request.  The Court will issue an Order fixing the amount to be paid, and the Plaintiffs shall tender that amount to the Defendants within 15 days of the Court's Order.  The Plaintiffs are advised that the failure to make payment as required may result in further sanctions, up to and including dismissal of this action.

Id. at p.26.

The Order was entered on September 7, 2007.  The parties had ten days, or until September 21, 2007, see Fed. R. Civ. P. 6(a),[2] within which to confer.  They were not able to reach agreement.  Consequently, the defendants had 15 days from the date of the order, or until

---

[1] The district judge found that the defendants were prejudiced by the plaintiffs' false discovery responses insofar as the defendants were "forced to depose Plaintiff Jemella Pappas' employer to reveal the falsity of her testimony."  Order [Doc. # 232] at p.22.

[2] Rule 6(a), Fed. R. Civ. P., as it existed in the relevant time period, provided for the computation of time as follows:

> In computing any period of time prescribed or allowed . . . by order of court, . . . the day of the act . . . from which the designated period of time begins to run shall not be included. . . .  When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

2

September 24, 2007, within which to file a statement of the requested costs. The Fee Request was filed on September 26, 2007.

The plaintiffs had ten days after the filing of the Fee Request within which to respond. On September 28, 2007, well within the permitted time, they filed Plaintiffs' Objection to Defendant Hungerford's Motion for Extension and Plaintiffs' Motion to Strike Statement of Attorneys Fees and Costs [Doc. # 252] (the "Response").[3] The Response does not directly address the propriety of the fees claimed by Hungerford and states instead:

> 2. Per the Court's Order of September 7, 2007, Counsel were to confer regarding any requested attorneys fees and costs on or before September 17, 2007, and then, if no agreement of the amount requested was reached, Defendants' Counsel were to file statements with the Court no later than September 22, 2007. . . .
>
> 3. Defendant Hungerford's Counsel did not comply with either of the two parts. Mr. Patterson did not call Plaintiffs' Counsel until September 19 and then when called, indicated to the undersigned [Patric J. LeHouillier] that he had no idea what the figures were. He could not give even a gross estimate and certainly did not have any specifics as to the time or charges being requested. Mr. Patterson told the undersigned he would get the specific figures forthwith and would get back to me with them. He never did.
>
> 4. Then on Wednesday, September 26, 2007, while I was in Greeley, Colorado attending the deposition of Mary Shield in this case, Mr. Kennedy [defense counsel] called my office and requested an extension. When my staff and I spoke late in the day I asked that Mr. Kennedy be called back and told that we would not agree to the requested extension.
>
> 5. On that same day the Motion for Extension was filed, and at

---

[3]The Response combines the plaintiffs' "Objection" to Hungerford's request for attorney fees with a "Motion" to strike the statement. Local rule of practice 7.1C, D.C.COLO.LCivR, prohibits such a combination and provides that "[a] motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper." Insofar as the Response seeks affirmative relief, it is DENIED because it violates D.C.COLO.LCivR 7.1C.

> the same time Defendant Hungerford's Counsel filed a Statement of
> Fees and Costs it was seeking with the deposition of the employer
> in Las Vegas. This was the first time any figures were provided.

Response at pp.2-3.

The facts surrounding the requirement that the parties confer before Hungerford could file the Fee Request are not disputed. In its certification under D.C.COLO.LCivR 7.1A, Hungerford's counsel states:

> Pursuant to D.C.COLO.LCivR 7.1A, Franklin D. Patterson has
> conferred with counsel for Plaintiffs in an attempt to resolve this
> matter without the need to file this request. Mr. Patterson provided
> Plaintiffs' counsel with an estimate of the fees and costs incurred in
> the deposition of J.C. Hopkins. Plaintiffs' counsel responded that
> he wanted to see the invoices. Those materials are being provided
> to Plaintiffs' counsel, but Plaintiffs' position with respect to the
> requested fees and costs is unknown as of the filing of this request.

Fee Request at p.2. I understand the Fee Request to mean that the invoices requested by plaintiffs' counsel were provided for the first time as exhibits to the Fee Request filed with the court.

Local rule of practice 7.1A, D.C.COLO.LCivR, requires that parties confer in good faith before they file a motion. It is well known to the bar of this court and states:

> The court will not consider any motion, other than a motion under
> Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a
> *pro se* party, before filing the motion, has conferred or made
> reasonable, good faith efforts to confer with opposing counsel or a
> *pro se* party to resolve the disputed matter. The moving party shall
> state in the motion, or in a certificate attached to the motion, the
> specific efforts to comply with this rule.

Notwithstanding the clarity of the rule, I have had occasion to expand on its requirements, as follows:

> The language of Rule 7.1A is important. It requires that a moving party, before filing a motion, *confer* or make a reasonable effort to *confer*; the requirement is not satisfied by a party making a demand for compliance. To confer means "to hold a conference; compare views; consult together." The American Heritage Dictionary of the English Language 278-79 (Ninth Printing 1971). The rule is not satisfied by one party sending a single e-mail to another party, and particularly not where, as here, the e-mail merely indicates an intention to file a motion . . . and does not suggest any negotiation or compromise. Nor, in my view, would a single letter or a single voice message satisfy the requirements of Rule 7.1A. . . . Rather, to satisfy the requirements of Rule 7.1A, the parties must hold a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and must compare views and attempt to reach an agreement, including by compromise is appropriate.

Hoelzel v. First Select Corp., 214 F.R.D. 634, 636 (D. Colo. 2003).

In this case, in addition to the requirement of Rule 7.1A, the duty to confer also was imposed by the order of the district judge which required the parties to "confer in an attempt to agree upon the costs and reasonable attorney's fees incurred. . . ." Order at p.26.

Here, as in Hoelzel, counsel for Hungerford failed to initiate a conference in which the parties could intelligently and meaningfully confer about the amount of costs and fees claimed. Because Hungerford's counsel failed to provide reliable information about the amount of the fees and costs claimed, the parties could not deliberate, converse, exchange views, or consult about the claim; nor, in view of the absence of reliable information, could there be a genuine attempt to resolve the amount of fees claimed without judicial intervention. Hoelzel, 214 F.R.D. at 636.

The requirement that the parties confer before seeking judicial relief, imposed by both the local rule and the district judge's order, was thwarted by the conduct of Hungerford's counsel.

It is important that the Motion for Extension does not seek additional time within which to confer. Instead, it seeks "a two-day extension to September 26, 2007," within which Hungerford may file the Fee Request. The basis for the requested extension is "the press of business, particularly Mrs. Hungerford's counsel's obligations with respect to related litigation now pending in the Colorado state courts. . . ." Motion for Extension at ¶3. In this regard, the Practice Standards of the district judge provide:

> Motions for extensions of time are also governed by D.C.COLO.LCivR 6.1 and 7.1 and will be denied if they do not comply with these rules. To be granted, such motions require a showing of good cause. Unless the circumstances are unanticipated and unavoidable, the following do not constitute good cause: inconvenience to counsel or parties, press of other business, scheduling conflicts (especially when more than one attorney has entered an appearance for a party), or agreements of counsel.

Practice Standards, Civil Actions (Judge Marcia S. Krieger) at Part II.G.

There is no assertion that the other business occupying Hungerford's counsel, or anything else interfering with the timely filing of the Fee Request, was unanticipated or unavoidable. Nor is there any indication that Hungerford's counsel complied with D.C.COLO.LCivR 6.1E, which requires that any motion for extension of time be served on the moving attorney's client.

IT IS ORDERED that the Motion for Extension is DENIED for failure to establish good cause and failure to comply with D.C.COLO.LCivR 6.1E.

IT IS FURTHER ORDERED that the Fee Request is DENIED as untimely and for failure meaningfully to confer as required by D.C.COLO.LCivR 7.1A and the order of the district judge.

Dated March 10, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge