IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01024-MSK-BNB

CHRIS PAPPAS, and
JAMELLA PAPPAS,

      Plaintiffs,

v.

FRANK AZAR & ASSOCIATES, P.C., a Colorado Professional Corporation, and
LISA M. HUNGERFORD,

      Defendants.

---

## OPINION AND ORDER IMPOSING SANCTIONS

**THIS MATTER** comes before the Court pursuant to Motions for Sanctions by Defendant Frank Azar & Associates, P.C. ("Azar") **(# 203)** and Defendant Lisa Hungerford **(# 206)**.

As discussed in more detail in the Court's Opinion and Order of September 7, 2007 **(# 232)**, the Court previously granted in part the above-referenced motions. Both Defendants had sought sanctions against Plaintiff Jemella Pappas for having falsely stated, both in interrogatory responses and at a subsequent deposition, that she had been unable to work beyond a certain date. Faced with this false testimony, the Defendants noticed and took a deposition of J.C. Hopkins, Plaintiff Jemella Pappas' employer, in Las Vegas, Nevada. In granting the Defendants' motions, the Court indicated that it would award reasonable attorneys fees and costs to the Defendants based on the need to take Mr. Hopkins' deposition.

The Defendants were directed to submit statements of their requested fees and costs within 15 days of September 7, 2007. Defendant Azar filed a timely request **(# 247)**, seeking the following fees and costs:

• Attorney's fees for Azar's counsel in the amount of $3,558.00, which consist primarily of 7.9 hours of "preparation" time, including time spent while traveling to Las Vegas for the deposition;and 10.2 hours for variously preparing a deposition exhibit, conducting the deposition, meeting with the witness and the Plaintiff's counsel to discuss other matters, and drafting a Rule 11 letter while returning to Denver;

• Costs in the amount of $1,566.27 ($703 in airfare; a $58 "change fee" apparently relating to the airfare; $25.81 in mileage to and from the Denver airport; $186.34 in lodging in Las Vegas;$47.86 in car rental fees; $22 in parking; $25 for meals; $12 for "tips" and/or fuel; $417.96 in court reporter fees; and $68 in fees for service of process);

• Time spent by Frank Azar, Defendant Azar's principal, attending the deposition, stated as 10 hours at $250 per hour, for a total of $2,500; and

• Mr. Azar's airfare of $660.40.

All told, Defendant Azar requests a total of $8,284.67 in fees and costs.

The Plaintiffs responded **(# 248)**, objecting to certain aspects of Defendant Azar's request. Specifically, the Plaintiffs object to all requests relating to Frank Azar's attendance as being unnecessary; to any request for attorney's fees exceeding 4 hours of preparation time, one hour of deposition time, and three hours of travel time; to the costs of an airline ticket to the extent it exceeds $300; to the $58 "change fee"; and to a $ 186.34 claim for lodging expenses, although the Plaintiffs do not state what they believe is an appropriate figure for that expense.

Separately, Defendant Hungerford filed a request **(# 251)** for $3,792.60 in costs and fees. Her request, filed on September 26, 2007, was untimely, inasmuch as the Court's Order gave the parties 15 days from September 7, 2007 – effectively, until September 24, 2007 – to file the request. Contemporaneously with her statement of costs and fees, Defendant Hungerford filed a

request to extend the time **(# 250)** to file that statement, citing the "press of other business" making it impossible to timely file her statement of costs and fees.

The issue before the Court at this time is what reasonable costs and fees were incurred by each of the Defendants in conducting the deposition of Mr. Hopkins. As to this issue, the Court makes several general observations. Mr. Hopkins' deposition was a relatively uncomplicated, largely non-controversial aspect of discovery in this action. The Plaintiffs do not seem to have vigorously disputed that Jemella Pappas' testimony on this point was false, nor did they apparently contend that Mr. Hopkins' testimony to the contrary would be somehow incredible. Thus, Mr. Hopkins was deposed for the relatively ministerial purpose of collecting largely undisputed evidence necessary to impeach Plaintiff Jemella Pappas' prior testimony. As such, there was relatively little need for counsel to personally ascertain Mr. Hopkins' testimonial demeanor or to otherwise conduct a deposition in person. All counsel (and some parties) travelling several hours to and from Las Vegas, incurring significant travel expenses along the way, was not necessary. The necessary evidence could have been elicited from Mr. Hopkins through a combination of a document subpoena and a telephonic deposition. Such an approach would have minimized the expense, both in terms of travel time and travel costs.

As a result, the Court is not inclined to award costs and fees relating to Defendant Azar's counsel's decision to conduct the deposition in person in Las Vegas, as these fees could easily have been avoided. Accordingly, the Court declines to award the requested airfare and associated travel expenses. In addition, the Court declines to award fees for time spent traveling, as such travel time could easily have been avoided. The Court will award costs for service of process on Mr. Hopkins, and the court reporter's fee for transcribing the deposition, as these costs would

have been incurred regardless of how the deposition was conducted. These costs total $485.96.

Moreover, the Court finds that the amount of time requested by Defendant Azar's counsel – in excess of 17 hours for preparing for and conducting the deposition – is unreasonable. According to the transcript, the deposition of Mr. Hopkins took one hour and five minutes. As stated previously, Mr. Hopkins' testimony was necessary to establish only a handful of facts that were not in a great deal of dispute: that Plaintiff Jemella Pappas was employed by Mr. Hopkins during a certain period of time, that she was required to and indeed performed particular duties during that time, and perhaps Mr. Hopkins' percipient observations of her abilities during that time. Given the limited scope of the information to be ascertained from Mr. Hopkins, and the relatively uncontested nature of the testimony he was to give, only a minimal amount of preparation time was required. The Court finds that no more than 3 hours of preparation time was necessary. Accordingly, the Court awards Defendant Azar attorney's fees reflecting 3 hours of preparation time, 1 hour of deposition time, and an additional 1 hour of time to account for ancillary tasks necessary to arrange and conduct the deposition. At the unchallenged rate of $195 per hour, this amounts to $975 in fees.

The Court declines to award any "fees" for Mr. Azar's attendance at the deposition. Although he is an attorney, Mr. Azar has not appeared as counsel in this matter, and thus, his attendance at the deposition was in his personal capacity as a representative of Defendant Azar, not in any professional capacity. Although parties generally have the right to be present at depositions taken in their cases, they do not generally have a right to be compensated for their time there. Indeed, Defendant Azar points to no authority authorizing an award of professional fees to a litigant based on that litigant's decision to attend third-party depositions in the litigant's

case, and the Court believes such an award would be unprecedented. Moreover, the Court has some doubt that, even if such fees were awardable, Mr. Azar's presence at the deposition was indeed necessary. Although Defendant Azar's counsel has conclusorily asserted as much in a supporting affidavit, there is no indication that Mr. Azar possessed any specialized knowledge that would be of assistance in ascertaining the limited scope of facts needed from Mr. Hopkins. Accordingly, the Court declines to award any "fees" based on Mr. Azar's attendance at the deposition.

Accordingly, the Court directs that the Plaintiffs pay a sanction to Defendant Azar in the amount of $1,460.96. Because this sanction is occasioned as a result of Plaintiff Jemella Pappas' false testimony, the sanction is imposed against the Plaintiffs personally, not against their counsel. As directed in the Court's September 7, 2007 Order, the Plaintiffs shall pay this sum within 15 days of the date of this Order. Failure to do so may result in the imposition of additional sanctions, up to and including dismissal of this action.

Turning to the fees claimed by Defendant Hungerford, the Court finds that her request was untimely. Moreover, her motion, which sought additional time to make a fee request do to "press of other business" fails to show good cause for any extension of time. The assembly of a fee request, particularly in these circumstances, is a relatively minimal imposition on counsel.

Defendant Hungerford has not identified unanticipated and unanticipatable circumstances that prevented her from completing that task on the time frame established by the Court. Accordingly, the Court denies Defendant Hungerford's request in its entirety as untimely.

Dated this 3d day of April, 2008

**BY THE COURT:**

Marcia S. Krieger
United States District Judge