IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01024-MSK-BNB

CHRIS PAPPAS, and
JAMELLA PAPPAS,

      Plaintiffs,

v.

FRANK AZAR & ASSOCIATES, P.C., a Colorado Professional Corporation, and
LISA M. HUNGERFORD,

      Defendants.

---

# OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTIONS IN LIMINE

---

**THIS MATTER** comes before the Court pursuant to Defendant Hungerford's Motion In Limine to Preclude Evidence of Other Wrongful Acts **(# 347)**, the Plaintiffs' response **(# 359)**, and Ms. Hungerford's reply **(# 362)**; Defendant Frank Azar & Associates, P.C.'s ("Azar") Motion In Limine Re: Medical Bills **(# 348)**, to which no responsive papers were filed; Azar's Motion In Limine Re: Noneconomic Damages **(# 349)**, the Plaintiffs' response **(# 358)**, and Azar's reply **(# 361)**; Azar's Motion In Limine Re: Financial Status and Related Information **(# 350)**, to which no responsive papers were filed; Azar's Motion In Limine Re: Advertisements and Related Evidence **(# 351)**, the Plaintiffs' response **(# 357)**, and Azar's reply **(# 360)**; and Azar's Motion In Limine Re: Testimony of Former Associates **(# 352)**, to which no responsive

1

papers were filed.[1]

The factual and procedural posture of this case should be familiar, and the Court will not repeat factual recitations found in previous Orders. It is sufficient to note that the claims remaining for trial are: (i) claims for legal malpractice against both Defendants; (ii) claims for breach of fiduciary duty against both Defendants; and (iii) a claim for negligent misrepresentation against Ms. Hungerford.

Ms. Hungerford moves **(# 347)** to exclude evidence of malpractice lawsuits (and the facts and contentions underlying those suits) brought against her and/or the Azar firm involving plaintiffs who are not parties to this case. She contends that such evidence is inadmissible under Fed. R. Evid. 404(b) and 403. The Plaintiffs respond **(# 359)** that the core of their breach of fiduciary duty claims is that, in prosecuting the Plaintiffs' lawsuit, Azar placed its own business interests ahead of the Plaintiffs' interests. The Plaintiffs' argument on this point restates many of the same arguments that had previously been proffered by the Plaintiffs in support of their "advertising claims," on which the Court has previously granted summary judgment to Azar. *Compare Docket* # 359 *with Docket* # 119 at 20-27.

The Court denies Ms. Hungerford's motion without prejudice to renewal at trial. Without a precise identification and articulation of the specific evidence being proffered, as well as a full factual context within which that evidence is offered, determining the probative and

---

[1] Defendant Hungerford has filed a "Joinder" in Azar's motions. The Federal Rules of Civil Procedure do not recognize the concept of a party's "joinder" in another party's motion. A party may independently move, requesting certain specific relief, and incorporate by reference arguments made by another party seeking that same relief. Because the Court discerns no prejudice to the Plaintiffs from treating Defendant Hungerford's "joinder" as separate motions requesting the identical relief as Azar's motions, and for the same reasons therefor, the Court treats the "joinder" as separate motions by Defendant Hungerford.

prejudicial value of potential evidence is impossible. As a result, this Court generally declines to rule in limine on Rule 403 and 404 challenges, deferring those issues until the proponent of the evidence is prepared to present it. In order to prevent any prejudice, the Court instructs that the Plaintiffs shall make no mention in their opening argument of the various lawsuits and allegations made against Ms. Hungerford and Azar by non-parties to this case, or to any of the other matters addressed by the Plaintiffs in their response to Ms. Hungerford's motion. The Plaintiffs counsel shall advise the Court, outside the presence of the jury, at the recess immediately preceding the point at which the Plaintiffs wish to present this evidence and make a proffer as to the precise evidence that the Plaintiffs intend to offer. At that time, the Court will entertain any evidentiary objection that the Defendants wish to raise to the proffered evidence.

Next, Azar moves to exclude evidence of medical expenses **(# 348)** incurred by the Plaintiffs for physical injuries – specifically, costs of certain chiropractic treatment – arising out of the auto accident that gave rise to the underlying action. Azar argues that, under then-applicable Colorado law, such expenses were encompassed by Personal Injury Protection benefits payable under compulsory auto insurance coverage, and that such benefits could not be a recoverable item of damage in the underlying suit. Because those injuries could not have been recovered in the underlying suit, Azar argues that they are not proper items of damages in this malpractice action. The Plaintiffs have not responded to this motion, which the Court interprets to amount to a concession that the Plaintiffs will not offer the challenged evidence at trial. Accordingly, Azar's motion is granted.

Azar moves to exclude any evidence by the Plaintiffs of emotional distress or other noneconomic damages **(# 349)** arising from the alleged malpractice. Azar contends that such

damages are not recoverable in a malpractice action or in an action for breach of fiduciary duty arising out of legal malpractice. *Citing Aller v. Law Office of Carole C. Schrieffer, P.C.*, 140 P.3d 23 (Colo. App. 2005). The Plaintiffs response **(# 358)** appears to concede that they cannot obtain noneconomic damages resulting directly from the Defendants' alleged malpractice, but argue that they are entitled to recover damages for emotional distress that flowed from the underlying auto accident, as such damages would have been recoverable in the lawsuit that the Defendants allegedly mishandled.² In reply **(# 361)**, Azar appears to argue that *Aller* precludes the Plaintiffs from recovering <u>any</u> noneconomic damages, even if such damages would have been available to them in the underlying lawsuit concerning the auto accident.

Azar's argument on reply is misplaced. *Aller* involved an attorney's mishandling of a matter involving "the termination of a business," not a claim involving physical injuries. *Id.* at 25. Thus, the *Aller* court was not called upon to consider whether a personal injury plaintiff, deprived of the ability to recover noneconomic damages in an underlying suit because of legal malpractice, is prevented from recovering those same noneconomic damages in the ensuing malpractice case. The proposition asserted by the Plaintiffs here is not remarkable: as a result of the Defendants' mishandling of their personal injury case, the Plaintiffs suffered a pecuniary loss

---

²The Plaintiffs make a single-sentence argument that "noneconomic damages are available to the Plaintiff in a fiduciary breach case," citing *Boyd v. Garvert*, 9 P.3d 1161 (Colo. App. 2000). *Boyd* contains a passing statement, in dicta, that plaintiffs claiming legal malpractice by the attorney assisting them with placing their child for adoption claimed damages "based on their distress at having to make the relinquishment decision without adequate counseling." *Id.* at 1164. The decision does not indicate that the court was specifically faced with the question of whether noneconomic damages were legally recoverable in such a situation, nor does its single mention of the plaintiffs' claims discuss the rationale of such a rule. Accordingly, this Court finds *Boyd* unpersuasive and agrees with Azar that *Aller* comprehensively and persuasively holds that noneconomic damages are not recoverable on the Plaintiffs' breach of fiduciary duty claim here. *See Aller*, 140 P.3d at 29 (distinguishing *Boyd*).

4

in the amount of the recovery they could have otherwise obtained via the lawsuit. The fact that the pecuniary loss reflects damages that would have been noneconomic in nature had the underlying case proceeded to trial and judgment is not relevant; the measure of damages in a legal malpractice case involving litigation is the amount of judgment that would have entered, "regardless . . . of the nature of the damages assessed thereunder." *See e.g. Scognamillo v. Olsen*, 795 P.2d 1357, 1361 (Colo. App. 1990). So long as the Plaintiffs could have obtained noneconomic damages had a jury in their personal injury case decided in their favor, their loss of those damages due to the Defendants' alleged negligence is a pecuniary loss fully recoverable here. Accordingly, based on the Plaintiffs' acknowledgment that it seeks emotional distress damages to the extent available in the underlying personal injury lawsuit, but not noneconomic damages allegedly resulting independently from the Defendants' own actions, Azar's motion is denied.

Azar seeks to preclude the Plaintiffs' introduction of Azar's own financial status **(# 350)**. Azar argues that evidence of a defendant's financial status is inadmissible in suits involving the assessment of compensatory damages. *Citing Liedhold v. District Court*, 619 P.2d 768, 770 (Colo. 1980). The Plaintiffs did not respond to this motion, which the Court interprets as a concession that they do not seek to offer evidence of Azar's financial status. Accordingly, this motion is granted.

Azar next moves to exclude evidence relating to its advertising and other general business practices **(#351)**. The parties arguments on this issue largely mirror the arguments presented with regard to Ms. Hungerford's motion above. The Court denies Azar's motion for the same reasons and places the same restrictions on the parties with regard to opening

arguments and timely proffer of the evidence outside the jury's presence.

Finally, Azar moves to exclude the testimony of certain of its former associates **(# 352)**. It contends that these associates were uninvolved with the handling of the Plaintiffs' case, and thus, their testimony is irrelevant. Although the Plaintiffs did not file a response to this motion, it is apparent from the identities of the associates that this motion entails many of the same arguments as Azar's motion to exclude evidence of its business practices and Ms. Hungerford's motion in limine. Thus, it is denied on the same grounds, and subject to the same restrictions discussed above.

Accordingly, Defendant Hungerford's Motion In Limine to Preclude Evidence of Other Wrongful Acts **(# 347)** is **DENIED WITHOUT PREJUDICE**, subject to the Plaintiffs' compliance with the proffer requirements described herein. Azar's Motion In Limine Re: Medical Bills **(# 348)** is **GRANTED**. Azar's Motion In Limine Re: Noneconomic Damages **(#349)** is **GRANTED IN PART**, insofar as the Plaintiffs concede that they cannot recover for noneconomic damages allegedly caused directly by the Defendants' malpractice, and **DENIED IN PART**, insofar as the Plaintiffs can recover for pecuniary losses reflecting emotional distress damages they could have recovered in the underlying personal injury suit. Azar's Motion In Limine Re: Financial Status and Related Information **(# 350)** is **GRANTED**. Azar's Motion In

Limine Re: Advertisements and Related Evidence **(# 351)** and Azar's Motion In Limine Re: Testimony of Former Associates **(# 352)** are **DENIED WITHOUT PREJUDICE**, subject to the Plaintiffs' compliance with the proffer requirements discussed herein.

Dated this 23d day of February, 2009

BY THE COURT:

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge